McINNIS, Judge.
On November 21, 1949, the plaintiff bought from W. L. Mares and his wife, Bertha Mares, nee Midyett, a tract of land in DeSoto Parish, together with one-half interest in a deep water well situated on the property line. Some time in 1950, plaintiff decided to have a survey of his property made and the survey he had made showed the water well to be entirely on the property of B. B. Midyett, who is the brother of Mrs. Bertha Mares. When plaintiff discovered the well was entirely on the property of Midyett, he wrote a letter, which is not in the record, to' W. L. Mares. This letter was turned over to Mr. Midyett and on September 2, 1950, his attorneys addressed a letter to plaintiff’s attorneys in which it was stated that Mr. *839 Midyett would be perfectly willing to enter into an agreement to furnish plaintiff 'water on the same basis he had with Mr. Mares, that is, plaintiff to pay one-half of the expenses of the operation of the water well at the end of each month, which apparently he had been doing since his purchase, but this did not satisfy plaintiff, and on November 20, 1950, he filed suit against W. L. and Bertha Mares in which he alleged that Midyett had taken full possession of the well and built a fence along the line between his property and plaintiff’s and from this he contends that he was evicted from the use of the water well, and had been compelled to have a well drilled on his own property at a cost of $823.80, and he prays for judgment against the defendants for the cost of the well under their warranty.
Plaintiff filed an amendment to the petition which only changed the alleged consideration for the property.
Defendants answered, denying that the plaintiff had been evicted and alleging that defendants and Midyett did not make an actual survey to determine exactly where the property line was located but estimated it; that it was always understood between the parties that the well itself was the common property of the parties and when defendants sold their property to plaintiff, it was their intention to sell their half interest in the well, and that plaintiff continued to use the water from the common well for several months and contributed to the payment of the electric bill, and due to the intentions of defendants and Midyett,. the well was in fact the common property of the parties, the use and utility being of a continuous nature. Same having been in continuous use in excess of ten years, there was established by prescription a servitude in favor of the estate that formerly belonged to defendants, and they specially pleaded this prescription and say they conveyed the servitude to plaintiff.
Defendants filed a first supplemental and amended answer in which they state that plaintiff had personal knowledge of all the facts with reference to the original agreement under which the well was drilled, and that he is estopped to complain or to seek damages arising out of any location of the well with respect to any survey subsequent to the date of the sale. In a second supplemental and amended answer, defendants say that the use of the preposition “on” in the phrase “situated on property line” as recited in the deed was an error in the choice of words and not intended by the parties to be a warranty that the well would be located exactly on the property line.
After trial the District Judge, without assigning written reasons, rejected the demand of the plaintiff at his cost, and from that judgment, this appeal is prosecuted.
Counsel for plaintiff suggests that the questions for determination are:
1. Is the well located on Mr. Midyett’s property and west of the west line of plaintiff’s property purchased from the defendants ?
2. Was the plaintiff evicted from the well by Mr. Midyett?
3. By reason of plaintiff’s eviction from the well, was it necessary for him to drill a well on his property in order to insure himself water for the use of his property?
4. Did the well with equipment cost $823.80 and if so is plaintiff entitled to judgment against the defendants for that amount ? i
As to question one, it is seriously contended by defendants that the survey supposedly made by Mr. Dutton, but which the record discloses was made by someone else under his direction, is not correct, and the judgment of the District Court, so far as we know, did not determine that question.
Respecting the second question, we are of the opinion that the plaintiff was not evicted from the use of the well, and this renders unnecessary any answer to questions three and four.
Plaintiff cites Article 2500 of the Civil Code in support of his claim that he was evicted from the half interest in the well, but the evidence does not support his con *840 tention that he was interfered with in the use of water from the well on the same terms that he had been using water from the time of his purchase and that was all he could do with a half interest in a well. The well could not be divided and given one-half to plaintiff and one-half to Mid-yett, but they could jointly use it as they were doing.
Having reached the conclusion that the plaintiff was not evicted from his right to use water from the well, a lengthy discussion- of the argument and authorities cited by counsel for defendants would serve no useful purpose. If Midyett had undertaken to deprive plaintiff of the use of water from the well, we think he had some other remedies and that he might have applied for relief under some of them, but not the 'right to drill another water well and undertake to charge the defendants under their warranty with the cost of the well.
For these reasons, the judgment appealed from is affirmed at the cost of plaintiff in both courts.